UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,

    *Plaintiff*,

  v.

ATCO MASONRY LLC,

    *Defendant*.

Civil Action No. 24-1037 (RDM)

**MEMORANDUM OPINION**

Plaintiff Bricklayers & Trowel Trades International Pension Fund brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, against Defendant Atco Masonry LLC. Plaintiff alleges that Atco Masonry failed to pay pension contributions or to submit remittance reports as required by its collective bargaining agreement with the International Union of Bricklayers and Allied Craftworkers Local Union No. 8 Illinois. *See generally* Dkt. 1 (Compl.). Atco Masonry did not answer the complaint and has not otherwise defended this action. The Clerk entered default against Atco Masonry in May 2024. *See* Dkt. 6.

Now before the Court is Plaintiff's motion for default judgment, Dkt. 8. The Court referred the motion to a Magistrate Judge for a report and recommendation ("R&R"), *see* Min. Order (Oct. 17, 2024), and the Clerk's Office randomly assigned the case to Magistrate Judge Harvey. Judge Harvey issued an R&R on February 12, 2025, recommending that the Court grant Plaintiff's motion. *See* Dkt. 14. The R&R advised the parties that, under Local Rule 72.3(b), they may file objections to the R&R within 14 days, and "that failure to file timely objections to

1

the findings and recommendations set forth in th[e] report may waive [the party's] right of appeal from an order of the District Court that adopts such findings and recommendations." *Id.* at 20 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)). As of the date of this opinion—well past the 14-day deadline—no party has filed any objections.

The Court has reviewed Judge Harvey's R&R and agrees with its comprehensive analysis and sound conclusions. After concluding that venue was proper and that the Court has personal and subject matter jurisdiction, Dkt. 14 at 6–7, Judge Harvey found that Atco Masonry was liable for the conduct alleged in the complaint, *id.* at 8. The governing collective bargaining agreement, Dkt. 8-2 at 21–30, required Atco Masonry to make monthly contributions and remittance reports, yet it allegedly failed to do so. Because Atco Masonry "failed to respond to the complaint, Plaintiff's request for default, the Clerk Office's entry of default, or Plaintiff's motion for default judgment," entry of default judgment as to liability is proper. *Id.* at 9.

Judge Harvey also carefully reviewed Plaintiff's requested relief, including conducting an "independent determination" of damages. *Id.* at 10. As for damages, Plaintiff provided a declaration from its Executive Director, the relevant portions of its agreements, and, pursuant to Judge Harvey's request for supplementary evidence, *see* Dkt. 9, a second declaration, internal "Settlement Sheets" detailing the hours worked by covered employees on each covered jobsite and the funds to be paid and corresponding contribution rates over various time periods, and an Appendix containing charts that further detail Plaintiff's calculations of contributions and damages, Dkt. 14 at 11. Plaintiff also seeks attorneys' fees and costs, and it provided a declaration from its attorney and billing records. *Id.* at 14. Based on this evidence, Judge Harvey concluded that Plaintiff is "entitled to a total of $179,810.30 for Defendant's failure to make timely contributions," *id.* at 14, as well as $4,640.50 in fees and costs, *id.* at 16.

Finally, Judge Harvey assessed whether Plaintiff is entitled to equitable relief in the form of an order requiring Atco Masonry to (1) submit all remittance reports and contributions for work performed from March 2024 to July 2024, and (2) submit to an audit of its payroll records to determine whether contributions have been made in compliance with Defendant's obligations. *Id.* at 17–18; Dkt. 8-3 at 1–2.  These remedies are contemplated by the collective bargaining agreement.  *See* Dkt. 8-2 at 4–5, 14.  After surveying relevant precedent and concluding that ERISA authorizes such equitable relief, Judge Harvey recommended granting Plaintiff's requested relief.  Dkt. 14 at 17–19.

The Court concludes that Judge Harvey has carefully considered the issues raised in this action, and, given that neither party has filed an objection, the Court will adopt the R&R in its entirety.  The Court, accordingly, will grant Plaintiff's motion for default judgment.

A separate order shall issue.

    /s/ Randolph D. Moss
    RANDOLPH D. MOSS
    United States District Judge

Date:  March 5, 2025